IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01581-NYW-NRN

MUNICIPAL PARKING SERVICES, INC.,

Plaintiff,

v.

CLANCY SYSTEMS, INC. d/b/a CLANCY SYSTEMS INTERNATIONAL, INC.,

Defendant.

---

## ORDER ON
## DEFENDANT'S MOTION TO STAY PENDING EX PARTE REEXAMINATION
## (ECF No. 15)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court pursuant to an Order, ECF No. 16, issued by Judge Nina Y. Wang referring Defendant Clancy Systems, Inc. d/b/a Clancy Systems International, Inc.'s ("Clancy") Motion to Stay Pending Ex Parte Reexamination ("Motion to Stay"), ECF No. 15. Plaintiff Municipal Parking Services, Inc. ("MPS") filed its opposition. ECF No. 23. Clancy filed a reply in support of the stay. ECF No. 25. The Court heard argument by the Parties on October 7, 2024. *See* ECF No. 27.

Clancy's Motion to Stay, ECF No. 15, will be **GRANTED**.

### I.   BACKGROUND

This is a patent infringement lawsuit brought by MPS against Clancy regarding automated parking lot management and enforcement technology. MPS brings three counts of patent infringement against Clancy, alleging that Clancy's products infringe

upon MPS's Patent Nos.10,121,172 (the "'172 Patent"), 11,257,302 (the "'302 Patent"), and 11,688,205 (the "'205 Patent") (collectively, the "Asserted Patents"). *See generally* ECF No. 1.

On August 28, 2024, Clancy initiated three separate Requests for Ex Parte Reexamination ("EPR") with the U.S. Patent & Trademark Office ("USPTO"), raising four substantial new questions of patentability against each Asserted Patent. Clancy then filed the subject Motion to Stay. After MSP responded to the Motion to Stay, the USPTO granted the EPRs. *See* ECF Nos 25-2, 25-3, & 25-4.

Clancy argues that a stay of this proceeding pending the conclusion of the EPR is warranted for three reasons: (1) this case is still in its early stages; the pleadings have not closed nor has a Scheduling Order been issued; (2) the issues presented here will likely be simplified and narrowed by after reexamination; and (3) MPS will not be prejudiced by a stay.

MPS counters that EPR is unlikely to simplify the issues or reduce the burden of litigation because it is very unlikely that MPS's claims will be totally resolved upon reexamination. MPS also points out that this case has moved relatively slowly because MPS accommodated Clancy's requests to extend deadlines early on, and it should not be punished for demonstrating professional courtesy in doing so. Finally, MPS states that it would be prejudiced by a stay because it has a strong interest in promptly vindicating its patent rights.

## II.   LEGAL STANDARD

While still a United States Magistrate Judge, Judge Wang comprehensively set forth the legal considerations governing whether to stay a patent lawsuit pending EPR:

It is within the court's discretion to stay a case pending the outcome of events such as a patent reexamination proceeding or resolution of the same or similar issues in another earlier-filed case. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment . . . ."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Edisync Sys., Inc. v. Centra Software Inc.*, No. 03-cv-1587-WYD-MEH, 2013 WL 1461484, at *2 (D. Colo. Apr. 10, 2013); *Kramer v. Vigil*, No. 13-cv-00142-PAB-KLM, 2013 WL 1828523, at *1 (D. Colo. Apr. 30, 2013) ("Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.") (collecting cases); *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, No. 96-2459-JWL, 1997 WL 94237, at *8 (D. Kan. Feb. 26, 1997).

Under 35 U.S.C. § 302, any person may request that the USPTO reexamine the patentability of an unexpired United States patent. 35 U.S.C. § 302 (2006). A request for patent reexamination may be based on prior art patents or publications that raise a "substantial new question of patentability." *Id.* § 303(a). The USPTO must decide within three months of a request for reexamination whether it will grant the request and conduct a reexamination. 35 U.S.C. § 303. If the USPTO conducts a reexamination and ultimately cancels claims in the patent as unpatentable, then the claims become unenforceable in any pending litigation and in any future disputes. 35 U.S.C. § 307(a); *See eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 786 (D. Colo. 2007) (A "PTO decision to cancel a patent renders the patent unenforceable in pending litigation."); *Broad. Innovation, L.L.C. v. Charter Commc'ns, Inc.*, No. 03-cv-2223-ABJ-BNB, 2006 WL 1897165, at *1-2 (D. Colo. July 11, 2006). Also, "[a]lthough not binding, a decision by the PTO upholding the validity of reexamined patent claims is strong evidence that a district court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence." *Broad. Innovation*, 2006 WL 1897165, at *2 (citing *Custom Accessories, Inc. v. Jeffery-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986)); *see also eSoft*, 505 F. Supp. 2d at 786. Alternatively, the scope of the claims of the Asserted Patents could also be narrowed as a result of the reexamination. *See Internet Patents Corp. v. eBags, Inc.*, No. C 12-03385 SBA, 2013 WL 4609533, at *3 (N.D. Cal. Aug. 28, 2013) (discussing simplification of issues in litigation if USPTO cancels or narrows the asserted claims during reexamination).

The factors courts generally apply when determining whether to stay an action pending reexamination are:

> (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*eSoft*, 505 F. Supp. 2d at 787; *Broad. Innovation*, 2006 WL 1897165, at *4 (citing *Tap Pharm. Prods. Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697 (N.D. Ill. 20014); *Nexmed Holdings, Inc. v. Block Inv., Inc.*, No. 2:04-cv-288 TS, 2006 WL 149044, at *1 (D. Utah Jan. 19, 2006)). "Courts frequently collapse the first and fourth factors." *Edisync*, 2013 WL 1461484, at *2 (citing *Broad. Innovation*, 2006 WL 1897165, at *4 n.6). "None of these factors is controlling; rather, courts determine whether a stay is appropriate based on the totality of the circumstances." *Fusion Specialties, Inc. v. China Network Leader, Inc.*, No. 12-cv-00009-CMA-KMT, 2012 WL 3289077, at *1–2 (D. Colo. Aug. 11, 2012) (citing *Broad. Innovation*, 2006 WL 1897165, at * 4).

There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *AT & T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1051-52 (N.D. Cal. 2011) (quoting *ASCII Corp. v. STD Entm't*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)). Indeed, "[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays." *Robert H. Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q.2d 1786, 1788 (E.D. Ark. 1991).

*Let's Go Aero, Inc. v. U-Haul Int'l, Inc.*, No. 16-cv-00410-REB-NYW, 2016 WL

11495997, at *2–3 (D. Colo. Aug. 8, 2016).

With this guidance, the Court turns to the subject Motion to Stay.

## III.   ANALYSIS

### a.   First and Fourth Factors (Simplification of Issues and Burden of Litigation)

The Court first finds that staying this matter pending reexamination of the three patents MPS asserts in this case will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the Court.

"One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Let's Go Aero,* 2016 WL 11495997, at *4 (citations omitted). Here, the USPTO is reexamining substantial new questions of patentability affecting twenty-three of MPS's patent claims, including the three claims asserted by MPS in this action. While MPS may be correct in predicting that all its claims will not be resolved by EPR, Clancy notes that USPTO data shows that over 63% of EPRs brought by a third party result in either cancelling or amending at least some of the patent claims at issue. As Judge Wang has noted,

> At this juncture, there is no way for this court to predict whether or how the USPTO's reexamination may affect the scope of the claims; however, claim construction and trial on the merits will be unnecessary for any asserted claims that are canceled . . . . In addition, even without cancellation, depending on the representations of the patentee during an ex parte reexamination and amendments made, damages might be limited or eliminated.

*Let's Go Aero, Inc. v. U-Haul Int'l, Inc.*, No. 16-cv-00410-REB-NYW, 2016 WL 11694752, at *3 (D. Colo. Dec. 7, 2016) (collecting cases).

MPS also argues that reexamination will not simplify the issues here because ex parte proceedings lack preclusive effect and therefore Clancy will not be estopped from re-arguing patent invalidity. The Court credits this argument. *See id.* (where Judge Wang denied a renewed motion to stay, in part because the potential for streamlining was deemed "speculative at best" and because EPRs rarely result in all claims being

cancelled). However, Clancy's counsel represented to the Court at the hearing that it will not re-raise the same arguments here if those arguments are unsuccessful before the USPTO. Clancy will be held to this representation. Moreover, staying this matter means that the Court "will have the benefit of the USPTO's expert consideration of the prior art that is raised in the EPR". *Jefferson St. Holdings, LLC v. Casetagram Ltd.*, No. 23-cv-01518-RMR-SBP, 2023 WL 8651471, at *6 (D. Colo. Nov. 28, 2023), *report and recommendation adopted,* 2024 WL 474389 (D. Colo. Jan. 26, 2024).

Accordingly, the Court finds that the first and fourth factors weigh in favor of granting the stay.

### b. Second Factor (Stage of Litigation)

While the Court appreciates MPS's professionalism in engaging in settlement discussions and not opposing Clancy's requests for extensions of time, the fact remains that this case is in the earliest stages of litigation. No Scheduling Order has been entered and no discovery has been exchanged. There is no trial set. Therefore, the Court finds that this factor weighs in Clancy's favor.

### c. Third Factor (Undue Prejudice to MPS/Tactical Advantage to Clancy)

As noted above, in weighing the third factor, courts evaluate (1) whether a delay caused by a stay of proceedings unduly prejudices the remedy to which the nonmoving party is entitled; and (2) whether the movant unfairly gains a tactical advantage from any stay granted. *See eSoft, Inc.*, 505 F. Supp. 2d at 787.

Courts frequently find that mere delay caused by reexamination before the USPTO is not unduly prejudicial. *See, e.g., Photoflex Prods., Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006) ("The delay inherent

to the reexamination process does not constitute, by itself, undue prejudice."); *Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. C 09-1635 SBA, 2009 WL 3078463, at *3 (N.D. Cal. 2009) (stating the same). "Moreover, parties having protection under the patent statutory framework may not 'complain of the rights afforded to others by that same statutory framework.'" *AT & T Intellectual Prop. I*, 774 F. Supp. 2d at 1054 (quoting *Pegasus Dev. Corp. v. Directv, Inc.*, No. Civ.A. 00-1020-GMS, 2003 WL 21105073, at *2 (D. Del. 2003)).

MPS instead focuses mainly on its claim that Clancy is its direct competitor, and cites *Personalis, Inc. v. Foresight Diagnostics, Inc.*, No. 22-cv-01913-CNS-NRN, 2023 WL 371931, at *4–5 (D. Colo. Jan. 24, 2023), where the undersigned found that this factor weighed against a stay pending *inter partes* review in a lawsuit where the parties were direct competitors in a nascent market. However, the Court still granted the stay in that case. Moreover, the parties here are not involved in a nascent market; MPS has been in the "smart parking" industry for over ten years, and Clancy represents that there are almost 50 companies in the same business. And although MPS claims that Clancy sells a competing product to parking lot owners, the Court agrees with Clancy that MPS makes no specific claim of competitive disadvantage or actual loss of market share because of Clancy's alleged infringement.

On balance, this favor weighs slightly in favor of Clancy, although the Court acknowledges that this stay will necessarily delay MPS from vindicating its patent rights.

## IV.   CONCLUSION

Considering all the relevant factors, and for the reasons set forth above, the Court concludes that a stay pending the USPTO's EPR of the Asserted Patents is

appropriate. Accordingly, Defendant's Motion to Stay Pending Ex Parte Reexamination, ECF No. 15, is GRANTED. This case is STAYED until further Order of Court. The Parties shall jointly file a Status Report with the Court within seven days of the conclusion of the EPR.

Date: October 11, 2024

N. Reid Neureiter
United States Magistrate Judge